**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-CR-1198 |
| | ) | |
| CHRISTOPHER T. HARRIS, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENSE MOTION FOR PERMISSION TO FILE SENTENCING MEMORANDUM AND EXHIBITS UNDER SEAL**

Defendant Christopher Harris, by and through his undersigned counsel has filed a motion respectfully requesting that the Court grant him permission to file his sentencing memorandum in this matter under seal, due to the sensitive nature of the information contained within.

The sentencing memorandum in this case sets forth all bases for requesting a sentence in conformity with 18 USC 3553(a), and as such it describes Mr. Harris' personal history and character in great detail. There are references to Mr. Harris' presentence report, including subheadings and exhibits that address any history of mental/physical illness, alcohol/drug abuse and treatment, and other personal and confidential information. Additionally, there are references to and pictures of Mr. Harris' family members (some of whom may be minors) who are not parties to this case. Another exhibit includes letters of support from persons not parties to this case who describe themselves and their relationship to and with Mr. Harris. This information is the same type of information which is ordinarily a confidential and sealed component of the presentence report, and pertains to personal information that the public does not have a right to know.

Therefore the purpose of this request is to protect the privacy interests of the defendant and his family. Mr. Harris respectfully submits that the privacy interests of the defendant in regards to the matters within the exhibits override the public's limited interest in access to information about his life.  The Court has the inherent authority to seal these documents.  *See* Baltimore Sun v. Goetz, 886 F. 2d 60 (4th Cir. 1989).  The right to inspect judicial records is not absolute, and it is appropriate to deny public access when the information might harm a litigant. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978).

Counsel for the Defendant certifies by virtue of this motion and memorandum, compliance with Local Rule 49.01.  The pertinent Sentencing Memorandum and exhibits are submitted in a separately sealed attachment for the court's *in camera*  review.

The Defendant therefore requests that the Court direct that his Sentencing Memorandum and all exhibits thereto be filed under seal.

Respectfully submitted,

*s/ Jill EM HaLevi*
Jill E.M. HaLevi
S.C. Fed. Bar # 8039

*Counsel for Mr. Harris*

Office of Jill E.M. HaLevi
Mediation and Legal Services
102 Broad Street, Suite C
Charleston, SC 29402-0561
Tel. 843.819-0557
Email: jill@charlestonmediator.com

Charleston, South Carolina
June 27, 2016

2

## Certificate of Service

   Pursuant to Local Criminal Rule 49.03 DSC, I hereby certify that on this date I electronically filed this motion with the Clerk of Court using the ECF system that will notify the parties of record of this filing.

*s/ Jill EM HaLevi*
Jill E.M. HaLevi
S.C. Fed. Bar # 8039

June 27, 2016
Charleston, SC

3