# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Harris, ) | |
| ) | Criminal No. 2:10-01198-MBS |
| Movant, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Christopher Harris is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On June 16, 2011, a federal grand jury returned a seven-count Third Superseding Indictment charging Movant with conspiracy to possess with intent to distribute and to distribute marijuana in a conspiracy involving 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 ("Count 1"), and manufacture of and possession with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 ("Count 6"). Pending trial, the court released Movant on an unsecured bond and pursuant to certain conditions. On December 7, 2011, Movant pleaded guilty to Count 6 and the court continued Movant on bond. *See* ECF 254. On February 7, 2012, the court issued a warrant for Movant's arrest upon motion of the United States Probation Office ("USPO") reporting that Movant had absconded from supervision. Movant was arrested in Thailand and returned to the District of South Carolina, where the court revoked his bond and remanded him to custody.

The USPO prepared a presentence investigation report ("PSR"), which reflects that Movant's criminal history score was 9 and his criminal history category was IV. The PSR designated Movant as a career offender pursuant to United States Sentencing Guidelines § 4B1.1, on the basis of a prior conviction for felony possession with intent to sell or deliver cocaine, felony second degree kidnapping in North Carolina, and three felony drug charges prosecuted together in August 2003 ("2003 Convictions").[1] As a career offender, Movant's criminal history category increased to VI. The government also filed a notice under 21 U.S.C. § 851 that Movant was subject to enhanced penalties as a result of prior felony drug convictions. The PSR attributed at least 100 but less than 400 kilograms of marijuana to Movant, for a base offense level of 26. Movant received a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(12) upon the determination that he had maintained a premises for the purpose of manufacturing or distributing a controlled substance, for an adjusted offense level of 28. Movant also received a two-level increase for obstruction pursuant to U.S.S.G. § 3C1.1, for an adjusted offense level of 30. On account of Movant's career offender status, his offense level increased another seven levels to a total offense level of 37. *See* U.S.S.G. § 4B1.1. Movant's Guidelines range for imprisonment was 360 months to life, and the penalty associated with Count 6 carried a 10-year (120-month) statutory mandatory minimum.

Prior to sentencing, Movant raised several objections to the PSR, including an assertion regarding his cooperation with the authorities, a contention that the proffer agreement he entered into with the government was used against him, and an objection to the number of marijuana plants attributed to him and the calculation of a base offense level of 26. He also filed a

---

[1] These convictions were for felony possession with intent to deliver or sell marijuana, felony possession with intent to deliver, sell, or manufacture a Schedule I controlled substance, and felony manufacture of cocaine.

sentencing memorandum highlighting the disparity between a sentence of 360 months and the sentences the court had imposed upon his co-defendants, the longest of which was 24 months. ECF No. 442.

At the sentencing held January 30, 2013, the court adopted the PSR without change and sentenced Movant to custody of the Bureau of Prisons ("BOP") for a term of imprisonment of 240 months, which reflected a downward variance on application of the 18 U.S.C. § 3553(a) factors. The court additionally imposed a term of supervised release of 8 years. ECF No. 454. The court entered judgment on January 31, 2013. ECF No. 456. Movant appealed the judgment on the basis of ineffective assistance of counsel, arguing that his attorney failed to investigate the nature of Movant's predicate offenses and failed to object to the career offender designation. The United States Court of Appeals for the Fourth Circuit affirmed the court's decision in an unpublished decision issued November 4, 2013.

On January 29, 2015, Movant filed a motion to vacate under 28 U.S.C. § 2255, asserting that his sentence was faulty under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on the basis that he had admitted guilt as to 89 plants but was held accountable over his objection to 100 plants, and sentenced to the higher statutory penalty. ECF No. 488. The government did not oppose the motion. The court granted the motion and ultimately granted Movant's request for a new trial. Movant subsequently pleaded guilty to the lesser included offense of Count 1, to wit, conspiracy to possess with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. ECF Nos. 536, 546. Movant filed a sentencing memorandum on the public docket, after unsuccessfully seeking leave to file it under seal. ECF No. 558. The USPO filed an amended PSR that in relevant part reflected the government's decision not to pursue the § 851 drug enhancement, which decision resulted in a reduction of Movant's

Guidelines range to 262 to 327 months. This time, Movant objected to the PSR on the basis that the North Carolina conviction for second-degree kidnapping did not qualify as a predicate for the career offender designation, the 2003 Convictions did not qualify as predicates for the career offender designation, and he was entitled to a reduction of his offense level for acceptance of responsibility. The court again adopted the PSR without change and, on June 28, 2016, resentenced Movant to a term of incarceration of 240 months and a term of supervised release of 4 years. *See* ECF No. 559. Movant appealed. In a published decision, the Fourth Circuit affirmed the sentence, "despite sharing the district court's misgivings about imposing a very lengthy sentence for a marijuana offense," and reversed and remanded the matter "for the limited purpose of sealing [the] sentencing memorandum and requiring [Movant] to file a redacted version to preserve the privacy of his family." *United States v. Harris*, 890 F.3d 480, 483 (4th Cir. 2018).

On May 20, 2019, Movant filed the pending § 2255 motion through his attorney. ECF No. 589. The case was reassigned to the undersigned the following day. The government subsequently moved unopposed for a stay pending the Fourth Circuit's ruling in *United States v. Norman*, which motion the court granted. On January 31, 2020, the government filed a motion to dismiss or, in the alternative, motion for summary judgment in opposition to the § 2255 motion. ECF No. 598. Movant thereafter filed a combined reply in support of his motion and response to the government's motion. ECF No. 600.

## DISCUSSION

**A.     Legal Standard**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to

4

prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings.[2]

**B.     Analysis**

Movant seeks a correction of his sentence on several claims of ineffective assistance of counsel. He asserts two claims with respect to his trial attorney for the attorney's failure to challenge the North Carolina conviction for second degree kidnapping as a career offender predicate and for failure to object that the offense of conviction—violation of 21 U.S.C. § 846—is not a "controlled substance" offense within the meaning of the career offender enhancement. ECF No. 589-1 at 8-18. And he asserts that his appellate counsel was ineffective for failing to raise any substantive challenge to the career offender designation. *Id.* at 18. Finally, Movant argues that the instant offense "is not a controlled substance offense," under *United States v. Whitley*, 737 Fed. Appx. 147 (4th Cir. 2018). *Id.* at 20.

---

[2] Additionally, a movant must file a § 2255 motion within a specific period of time. No one contests the timeliness of Movant's motion.

1. **Ineffective Assistance of Counsel**

Criminal defendants are entitled to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 685 (1984). A lawyer "is constitutionally ineffective where her representation falls below objective standards of reasonableness and results in prejudice, meaning there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Freeman*, 992 F.3d 268, 274 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 687-88, 694); *Hinton v. Alabama*, 571 U.S. 263, 275 (2014). "A finding of ineffective assistance ultimately will result when counsel's conduct 'so undermined the proper functioning of the adversarial process' that the proceedings below 'cannot be relied on as having produced a just result.'" *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (quoting *Strickland*, 466 U.S. at 686). Notably, however, "judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

Each of Movant's claims implicates the propriety of the career offender designation. Under U.S.S.G. § 4B1.1, a defendant is considered a career offender if (1) the instant offense is a felony that is either a crime of violence or a controlled substance offense; (2) the defendant was 18 years or older at the time the crime was committed; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. At the time Defendant was sentenced, the Sentencing Guidelines defined "crime of violence" as any offense under federal or state law that is punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury

to another. U.S.S.G. § 4B1.2(a) (2004).[3] The Sentencing Guidelines define "controlled substance offense" as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* at § 4B1.2(b). A controlled substance offense also includes the offenses of "aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* at § 4B1.2 cmt. n.1.

### a. North Carolina Conviction for Second Degree Kidnapping

Movant argues his sentencing attorney provided ineffective assistance of counsel by failing to argue application of the modified categorical approach to demonstrate that Movant's kidnapping conviction did not qualify as a crime of violence for purposes of § 4B1.1. More specifically, Movant asserts he was convicted pursuant to an *Alford* plea, which allows a defendant to waive trial and consent to punishment without admitting participation in the acts that constitute the crime.[4] He argues that counsel should have been aware both of the "well-established" status of the law governing application of the categorical method and of the Fourth Circuit's ruling in *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), holding that where a plea does not necessarily rest on the facts establishing the offense, the prosecutor's proffer of the factual basis for the *Alford* plea may not later be used by the sentencing court to identify the conviction as a predicate offense. Movant further argues that counsel erred in failing to distinguish the Fourth Circuit's holding in *United States v. Flores-Granados*, 783 F.3d 487 (4th

---

[3] The second, enumerated clause of § 4B1.2(a) was subsequently amended and now sets forth the following list of offenses: murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

[4] *North Carolina v. Alford*, 400 U.S. 25 (1970).

7

Cir. 2015), asserting that the holding in *Flores-Granados* "was directly impacted by the lack of *Shepard*-approved documents in the record for review." ECF No. 589-1 at 12.[5] Movant contends that settled, controlling precedent which existed at the time of his sentencing required the use of the modified categorical approach for divisible statutes like the North Carolina statute he was convicted of violating. With respect to the prejudice prong, Movant asserts simply that there is a "reasonable probability" counsel would have prevailed had she made the argument. ECF No. 589-1 at 9.

The government responds that contrary to Movant's representation regarding the nature of the Fourth Circuit's ruling in *Flores-Granados*, the case holds unequivocally that the North Carolina offense for second degree kidnapping is categorically a crime of violence. ECF No. 598-1 at 5. In light of such a holding, the government asserts, "any argument that courts should use a modified categorical approach goes against established precedent and is without merit." *Id.* The government further asserts that the Fourth Circuit's decision on the very appeal of Movant's sentence reflects that the court felt constrained not by sentencing counsel's failure to distinguish *Flores-Granados*, but by circuit precedent regarding the offense of conviction. The government contends that putting aside that sentencing counsel cannot be found ineffective for failing to make an argument that runs contrary to established circuit precedent, even if she had made the arguments that Movant now advances, such arguments would most certainly have failed. *Id.* at 6.

---

[5] *Shepard v. United States,* 544 U.S. 13, 16 (2005) (explaining that under application of the modified categorical approach, the court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented").

In reply, Movant maintains his contention that sentencing counsel "was ineffective for failing to emphasize the significance of [the court's finding in *Flores-Granados* regarding the lack of *Shepard*-approved documents]," and for failing to "draw important distinctions between *Flores-Granados* holding [sic] and Harris' situation – mainly, the fact that Harris had *Shepard*-approved documents to present to the court (unlike Flores-Granados)." ECF No. 600 at 2. Movant reiterates that counsel's failure to present this argument is especially unreasonable because the record of his kidnapping conviction contains a transcript that reflects that Movant "did not admit to any of the conduct alleged by the prosecutor," and rather "assertively denied the conduct through his attorney." *Id.* Counsel "should have seized on this opportunity," Movant contends, to argue under *Alston* that because Movant did not admit to the alleged conduct underlying the conviction, the conviction could not be used a predicate for the career offender designation. *Id.*

With respect to ineffective assistance of counsel claims as a basis for habeas relief, the Fourth Circuit has advised that "[t]he performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." *Carthorne*, 878 F.3d at 465 (citations omitted). "[C]ounsel must raise a material objection or argument if 'there is relevant authority strongly suggesting' that it is warranted." *United States v. Morris*, 917 F.3d 818, 824 (4th Cir. 2019) (quoting *Carthorne*, 878 F.3d at 466, 469). To be constitutionally effective, however, "counsel need not identify *all* plausible arguments" or nonfrivolous objections. *United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020) (citing *Morris*, 917 F.3d at 826) (emphasis in original). The Fourth Circuit evaluates claims of ineffective assistance "against the strength of case law as it

9

existed at the time of the allegedly deficient representation," but does so according to a review that is "highly deferential." *Palacios*, 982 F.3d at 925 (quoting *Carthorne*, 878 F.3d at 465).

The court agrees with the government that the Fourth Circuit's very language in ruling on Movant's direct appeal demonstrates that it felt itself bound by circuit precedent, and such a conclusion on the part of that panel forecloses a finding here that case law was so strong in support of the argument Movant now advances as to render his sentencing attorney ineffective for failing to raise it. In addressing Movant's appeal, the Fourth Circuit stated:

> Under Fourth Circuit precedent, we are compelled to hold that kidnapping under North Carolina law is a "crime of violence" under § 4B1.2 of the Guidelines. The 2010 version of the Guidelines does not enumerate kidnapping as a crime of violence—but its commentary does. § 4B1.2(a)(2), cmt. 1. As this Court has held, "commentary to the Sentencing Guidelines is authoritative and binding, unless it violates the Constitution or a federal statute" or is inconsistent with the Guideline itself. Therefore, for Harris to prevail, we must conclude that either (1) the commentary's listing of "kidnapping" conflicts with the Guidelines or is unlawful or (2) kidnapping under North Carolina law is broader than the Guideline's definition of kidnapping. Harris has not identified any conflict, and the latter possibility is foreclosed by this Court's precedent. *See United States v. Flores-Granados*, 783 F.3d 487, 498 (4th Cir. 2015). Accordingly, we must affirm the enhancement.
>
> . . . .
>
> When interpreting another part of the Guidelines, this Court has already held that kidnapping under North Carolina law fits within the generic definition of the offense. *Flores-Granados*, 783 F.3d at 498. Second-degree kidnapping is a specific subset of kidnapping and is, therefore, also within the generic definition of the offense. Although second-degree kidnapping is less severe because of the mitigating factor of releasing the victim unharmed, none of the elements of the kidnapping offense are negated by the absence of actual physical injury to the victim. Accordingly, the reduced severity of second-degree kidnapping does not change the fact that kidnapping, as a whole, categorically fits within the generic definition of the offense.

*Harris*, 890 F.3d at 489-90 (additional citations omitted). Indeed, *Flores-Granados* held that the North Carolina offense of second-degree kidnapping is categorically a crime of violence because "the North Carolina statute requires a specific nefarious purpose for conviction, even for second

degree kidnapping"; which conclusion was wholly independent of the fact that the defendant did not produce any *Shepard* documents. 783 F.3d at 494. This court is far from persuaded that the argument under *Alston* would have made any difference, but even if it had, the likelihood of any such success is questionable enough that the court cannot find now, sitting in review, that sentencing counsel acted objectively unreasonably in failing to make it.

Additionally, though not addressed by the parties, the court notes that the PSR listed as career offender predicates the 2003 Convictions and a prior conviction for felony possession with intent to sell or deliver cocaine, in addition to the second-degree kidnapping conviction. Therefore, Movant would have been subject to the career offender enhancement even without the kidnapping conviction.

b. Violation of § 846 as a Controlled Substance Offense

Movant argues next that in light of new law issued subsequent to his sentencing, his attorney provided ineffective assistance in failing to object to the treatment of Movant's offense of conviction as a controlled substance offense. ECF No. 589-1 at 15. The government responds that the issuance of new case law does not require a finding that sentencing counsel acted deficiently. ECF No. 598-1 at 7.

Movant was convicted of 21 U.S.C. § 846, which applies to any person who attempts or conspires to commit any offense defined in Subchapter I of Chapter 13, which governs offenses related to food and drugs. In a published decision issued in 2019, the Fourth Circuit applied the categorical approach to determine whether a conviction under § 846 qualifies as a controlled substance offense for the purpose of applying the career offender designation and held it does not. *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019). The Fourth Circuit explained that because § 846 "criminalizes a broader range of conduct than that covered by generic

conspiracy," a conviction under § 846 does not qualify as a controlled substance offense under the Guidelines. *Id.* at 237-38. Pursuant to *Norman*, were Movant sentenced today he would not be designated a career offender.

It is not enough, however, for purposes of demonstrating ineffective assistance of counsel, for Movant to show merely that the law has changed. Counsel is not responsible under the constitution for identifying all plausible arguments or nonfrivolous objections and therefore Movant must show that relevant authority strongly suggested that a certain argument was warranted. *Morris*, 917 F.3d at 824; *Palacios*, 982 F.3d at 925.

Movant cites the Fifth Circuit opinion, *United States v. Pascacio-Rodriguez*, 749 F.3d 353 (5th Cir. 2014) as supplying the necessary foreshadowing of the then-upcoming change in law. ECF No. 589-1 at 16-17. However, *Pascacio-Rodriguez* is a case from a different circuit and a case that affirms the use of a prior conviction for conspiracy to commit murder as a predicate for a Guidelines sentencing enhancement. The Fourth Circuit has cited *Pascacio-Rodriguez* in one instance and as a reference along the way to the court's conclusion that it was constrained to apply the categorical approach to a prior conviction for conspiracy to commit murder in aid of racketeering. *United States v. McCollum*, 885 F.3d 300, 306 (4th Cir. 2018) (holding that a conviction under 18 U.S.C. § 1959(a)(5) cannot support a career offender enhancement because it is not categorically a crime of violence). The Fourth Circuit in turn relied on its reasoning in *McCollum* to reach its decision in *Norman*. This evolution of the law does not however reflect the kind of foreshadowing regarding the ultimate treatment of a § 846 conviction in determining application of U.S.S.G. § 4B1.1 that is necessary for a finding that sentencing counsel acted objectively unreasonably in failing to raise the argument. Indeed, the *Norman* court cited just one other court of appeals as having arrived at the same conclusion. 935

F.3d at 238 (citing *United States v. Martinez-Cruz*, 836 F.3d 1305, 1314 (10th Cir. 2016)). But, perhaps most tellingly, the *Norman* court found that the trial court did not commit plain error in treating the § 846 conviction as a triggering offense for the career offender enhancement because the Circuit's "progeny sufficiently muddied the water such that 'the district court's error was not so clear or obvious as to' be plain." *Id.* at 241 (citing *United States v. Kennedy*, 32 F.3d 876, 888 (4th Cir. 1994) and several other cases in which the Fourth Circuit assumed without explicitly holding that an § 846 conspiracy qualified as a controlled substance offense).

Movant fails to establish deficient performance with respect to this claim.

      c.   <u>Appellate Counsel</u>

Movant characterizes this claim for ineffective assistance of counsel as "similarly based on the fact that prior counsel failed to understand the basic concepts regarding use and application of the categorical approach method as a whole." ECF No. 589-1 at 19. Movant also contends that his appellate counsel failed to appropriately argue application of *United States v. Dozier*, 848 F.3d 180 (4th Cir. 2017). *Id.* The government responds that for the reasons previously addressed, "because counsel was not ineffective in her representation of Petitioner before the District Court, Petitioner's claims as to her performance handling his appeal are similarly without merit." ECF No. 598-1 at 8. The court agrees with the government that for the reasons addressed above, Movant has not demonstrated deficient performance on the part of appellate counsel. The publication of *Dozier* and the guidance articulated therein does not change the court's conclusion.[6] And with respect to prejudice, as Movant acknowledges in his

---

[6] The Fourth Circuit issued its decision in *Dozier* on January 30, 2017, which was after Movant had filed his notice of appeal but before the parties had completed briefing the issues before the Fourth Circuit.

briefs, appellate counsel likely would have been "precluded from raising any arguments or objections on appeal that were not raised before the District Court . . . ." ECF No. 589-1 at 18.

Against the backdrop of case law that controlled the issues at the time Movant was sentenced, the court does not find that his attorney's performance fell short of the constitutional standard for effective representation. Accordingly, the court will deny the § 2255 Motion with respect to the ineffective assistance of counsel claims.

### 2. Intervening Change in Law

Finally, Movant asks the court to vacate his sentence on the basis of the nonretroactive intervening change in law announced in *Norman*. Sentencing errors are cognizable only when they present a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). This standard is satisfied only when a court is presented with "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

In *United States v. Foote*, the Fourth Circuit held that a subsequently-nullified career offender designation did not constitute a fundamental defect such that the nullified designation could serve as a basis for vacating the sentence. The Fourth Circuit determined that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet [the] remarkably high bar" established in Supreme Court precedent. *Id.* Arguably, the defendant in *Foote* was in a better position to raise a collateral challenge to his sentence because his career offender designation was nullified by operation of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which the Fourth Circuit subsequently held could be applied retroactively on collateral review because it "announced a new substantive rule," *Miller*

*v. United States*, 735 F.3d 141, 147 (4th Cir. 2013). The change in law set forth in *Norman* is not retroactive. And, as were the circumstances confronting the defendant in *Foote*, Movant was sentenced under an advisory sentencing scheme and neither his federal offense of conviction nor the state convictions used as predicates for career offender status have been vacated. *Foote*, 784 F.3d at 932, 941 (noting that for the predominance of cases addressing similar issues in the post-conviction context, the interpretation of "miscarriage of justice" is "grounded in the notion of actual innocence").

Movant also appears to ask in the alternative that the court construe his motion as seeking relief under 28 U.S.C. § 2241, on application of *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018), in which the Fourth Circuit held that a sentence was fundamentally defective where an erroneous career offender designation increased the mandatory prison term by approximately ten years. ECF No. 589-1 at 20-21. However, the court in *Lester* specified that *Foote* "undoubtedly" would bar such a petition for habeas relief for a defendant who had been sentenced under the advisory Guidelines, as Movant was. *Lester*, 909 F.3d at 715. Accordingly, Movant is not entitled to habeas relief based on the change of law enunciated in *Norman*.[7]

In conclusion, the court is not dismissive of the fact that Movant is serving a 240-month custodial sentence on a non-violent marijuana conviction and that absent the career offender enhancement, his Guidelines range would decrease to 110 to 137 months, which set of circumstances caused pause for both the sentencing court and the court of appeals. However, Movant has not shown he is entitled to relief under § 2255.[8]

---

[7] In reaching this conclusion, the court is not passing on whether Movant may be entitled to any relief under 28 U.S.C. § 2241, and declines to convert the motion into a petition for § 2241 relief.

[8] This ruling does not foreclose the possibility that Movant is entitled to relief under a different statute. In the two years since Movant filed his § 2255 motion, federal courts across the country, and the courts within the Fourth Circuit in particular, have experienced a watershed moment in

For the reasons discussed herein, the court grants the government's motion, ECF No. 598, and denies without prejudice Movant's Motion under 28 U.S.C. § 2255, ECF No. 589.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Charleston, South Carolina                                       Senior United States District Judge
June 10, 2021

---

the state of criminal law. This moment commenced with the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, which allows for the retroactive application of the modifications to penalties that Congress enacted in the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). *See United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). As it provided access to the changes to penalties implemented in the Fair Sentencing Act, the First Step Act also "significantly expanded access to compassionate release under 18 U.S.C. § 3582(c)(1)(A)." *United States v. McCoy*, 981 F.3d 271, 274 (4th Cir. 2020). In particular, the First Step Act authorized defendants to move for sentence reductions under § 3582(c)(1)(A) on their own behalf, whereas prior to the Act, courts could entertain such requests only on motion made by the BOP. Furthermore, the Fourth Circuit recently recognized in *United States v. McCoy*, that the Sentencing Commission "has yet to issue a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)." The Fourth Circuit advised that because there is "as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 287 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020) (emphasis in original)).

16